

# Fourth Court of Appeals
## San Antonio, Texas

December 29, 2016

No. 04-15-00362-CV

Javan P. **SMITH**,
Appellant

v.

**DC CIVIL CONSTRUCTION, LLC**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2015-CV-01978
Honorable Martha Tanner, Judge Presiding

# O R D E R

Sitting:      Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Appellant, who is *pro se* in this appeal, filed a notice stating that he is in bankruptcy. Accordingly, on June 8, 2016, this court issued an order (1) stating this appeal and all time periods were stayed from the date the bankruptcy petition was filed, (2) abating the appeal, and (3) stating that, for administrative purposes, the appeal would be treated as a closed case, unless and until it is reinstated in accordance with Rule 8.3 of the Texas Rules of Appellate Procedure.

On September 22, 2016, appellee filed a Notice of Order Granting Motion for Relief from Automatic Stay and Request for Dismissal. Attached to the notice was a copy of a bankruptcy court order that decrees "the automatic stay is hereby lifted permitting [appellee] to proceed with the Appeal in Cause No. 04-15-362-CV pending in the 4th Court of Appeals, San Antonio, Texas." The bankruptcy court's order also stated that this court "is allowed to entertain all Motions, Briefs and make rulings to bring the appeal to its final conclusion as it relates to the issues involved in the forcible entry and detainer matter, but expressly excludes any determination regarding the ownership of the real property subject to that forcible entry and detainer."[1] After the bankruptcy court entered its order, appellant filed a motion with the

---

1 Although appellee did not file a proper motion to reinstate under Texas Rule of Appellate Procedure 8.3(a), in accordance with the language contained in the bankruptcy order, we reinstated this appeal on this court's docket on September 23, 2016.

bankruptcy court asking for relief from its order lifting the stay. On November 2, 2016, the bankruptcy court denied the request.[2]

In appellee's Notice of Order Granting Motion for Relief from Automatic Stay and Request for Dismissal, appellee asks this court to dismiss this appeal for want of prosecution. Appellee provides no explanation for why dismissal for want of prosecution is appropriate at this time, except to refer to a prior order of this court in which we ordered appellant to file his brief by a date certain or the appeal would be dismissed for want of prosecution. However, shortly after we issued this order appellant filed his notice of bankruptcy and we abated the appeal.

Accordingly, we DENY appellee's request to dismiss this appeal for want of prosecution. **Appellant's brief is due no later than January 30, 2017**. If appellant fails to file his brief by December 12, 2016 or fails to reasonably explain the reason for his failure to do so, this appeal will be dismissed for want of prosecution. TEX. R. APP. P. 38.8(a); 42.3(b), (c).

_____
Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of December, 2016.

_____
Keith E. Hottle
Clerk of Court

---

2 On November 9, 2016, appellee filed an Advisory to the Court, attached to which was a copy of the bankruptcy court's order denying appellant his requested relief. Appellee also attached a copy of a motion for summary judgment it filed with the bankruptcy court. Appellee, however, did not explain its reason for providing this court with a copy of its motion, nor did appellee ask for any relief.